IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JENNIFER WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:22-cv-48-ECM |
| ) | [WO] |
| ALABAMA STATE UNIVERSITY, ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendants Alabama State University and the Board of Trustees for Alabama State University (collectively, "ASU") revised bill of costs (doc. 43) and Plaintiff Jennifer Williams' ("Williams") renewed motion to strike bill of costs (doc. 54). The Court granted ASU's motion for summary judgment in this pay discrimination action and dismissed all claims against ASU. (Doc. 38). On July 19, 2023, the Court entered final judgment and taxed costs against Williams. (Doc. 39). ASU filed a bill of costs on July 24, 2023 (doc. 41) and a revised bill of costs on August 7, 2023 (doc. 43), in which ASU requested $4,221.98 in costs. Williams filed a motion to strike. (Doc. 41). Thereafter, Williams appealed to the Eleventh Circuit, and this Court denied Williams' motion to strike without prejudice with leave to refile after the Eleventh Circuit issued its mandate in Williams' appeal. (Doc. 51).

The Eleventh Circuit affirmed this Court's decision on December 23, 2024 (doc. 52), and the mandate was issued on January 21, 2025 (doc. 53). On January 28, 2025, Williams filed a renewed motion to strike ASU's revised bill of costs. (Doc. 54). This matter is fully briefed and ripe for resolution. For the reasons that follow, the Court finds that Williams' motion to strike is due to be denied, and the Court will award ASU costs as set out herein.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows ASU to recover costs as the prevailing party. *See Arcadian Fertilizer, L.P. v. MPW Indus. Servs.*, 249 F.3d 1293, 1296 (11th Cir. 2001); *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000). But "absent explicit statutory or contractual authorization," ASU can recover only the costs that are listed in 28 U.S.C. §§ 1821 and 1920. *See Arcadian*, 249 F.3d at 1296 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

"A [federal] statute awarding 'costs' will not be construed as authorizing an award of litigation expenses beyond the six categories listed in §§ 1821 and 1920, absent an explicit statutory instruction to that effect." *Rimini Street, Inc. v. Oracle USA, Inc.*, 586 U.S. 334, 340 (2019). Section 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford*, 482 U.S. at 441. Thus, taxable costs are limited to those items listed in 28 U.S.C. § 1920:

    (1)    Fees of the clerk and marshal;
    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
    (3)    Fees and disbursements for printing and witnesses;

>   (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>   (5)   Docket fees under section 1923 of this title; [and]
>   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

### III. DISCUSSION

ASU seeks a total of $4,221.98 in costs, comprising $3,923.58 for fees for deposition transcripts and $298.40 for costs of making copies of materials. ASU expended $3,923.58 for five deposition transcripts: the original transcript of Williams' deposition plus one copy of four witness depositions. As for copying, ASU charged for 1,492 pages at a rate of $0.20 per page. Williams opposes the fees for the four witness depositions, arguing that the transcripts were not reasonably necessary for ASU because the testimony could have been (and was) presented in an affidavit at summary judgment, and because not all the depositions were used at summary judgment. (Doc. 54 at 3–4). Williams also opposes the copying costs on the grounds that ASU has not explained what copies it made and why they were necessary rather than for convenience. (*Id.* at 5). The Court will first address the transcript fees and then turn to the copying costs.

**A.   Deposition Transcripts**

Section 1920(2) authorizes the recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." "The deposition need not be used at trial but must appear reasonably necessary at the time the deposition was taken."

3

*DiCecco v. Dillard House, Inc.*, 149 F.R.D. 239, 241 (N.D. Ga. 1993) (emphasis omitted).[1] Here, Williams objects to the transcript fees for the depositions of ASU President Quinton Ross ("Ross"); Assistant Vice President for Human Resources Derrick Carr ("Carr"); Dr. Jason Cable, Williams' proffered comparator; and Vice President for Finance William Hopper ("Hopper"). The deposition of Dr. Cable, Williams' comparator, was reasonably necessary when it was taken. *See id.* Additionally, Williams alleged in the operative complaint (doc. 20 at 19), and reiterated at summary judgment (*e.g.*, doc. 27 at 40), that Hopper's salary was an example of gender-based pay disparities at ASU. Thus, the Court also finds that Hopper's deposition was reasonably necessary when it was taken. *See DiCecco*, 149 F.R.D. at 241. Additionally, Ross's and Carr's depositions were cited by the parties in their summary judgment briefing, and "[a] district court may tax costs 'associated with the depositions submitted by the parties in support of their summary judgment motions.'" *W&O, Inc.*, 213 F.3d at 621 (citation omitted). Consequently, the Court finds that the deposition transcript fees ASU seeks are properly taxable.

**B.     Copying Costs**

Section 1920(4) permits the recovery of "[f]ees for exemplification and copies of papers necessarily obtained for use in the case." 28 U.S.C. § 1920(4) (emphasis added). The standard for determining whether photocopying costs should be awarded is "whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *W&O, Inc.*, 213 F.3d at 624. Counsel for ASU represents to the Court "that the

---

[1] While the Court acknowledges that *DiCecco* is nonbinding, the Court finds it persuasive.

1492 pages listed are the conservative total of pages made for responses to plaintiff's discovery requests and ASU's motion for and reply in support of its summary judgment." (Doc. 46 at 2).

Based on counsel's representation, the Court finds that the number of copies were reasonably necessary for its defense. *See W&O, Inc.*, 213 F.3d at 624. Therefore, the Court finds that ASU's requested copying costs are properly taxable.

## IV. CONCLUSION

Accordingly, for the reasons stated, and for good cause, it is

ORDERED that Williams' renewed motion to strike (doc. 54) is DENIED. It is further

ORDERED that costs are TAXED against Plaintiff Jennifer Williams in the amount of **$4,221.98.**

DONE this 22nd day of April, 2025.

           /s/ Emily C. Marks
          EMILY C. MARKS
          CHIEF UNITED STATES DISTRICT JUDGE